UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Veronica Blackwell,                        Case No. 3:20-cv-222

        Plaintiff

v.                                          MEMORANDUM OPINION AND ORDER

Ohio Truck Sales, LLC,

        Defendant

*Pro se* plaintiff Veronica Blackwell brings this action against defendant Ohio Truck Sales, LLC ("OTS") pursuant to "Civil Statute – Chapter 109:4-3-02" concerning Blackwell's purchase of a vehicle from OTS. (Doc. 1). Blackwell filed a motion to proceed with this action *in forma pauperis*, and I grant that motion. (Doc. 2).

For the following reasons, I dismiss this action.

## BACKGROUND

Blackwell states that on September 17, 2019, she purchased a 1999 Kenworth Truck from OTS for $38,000.00. Plaintiff claims that the truck was advertised by OTS as having a rebuilt engine. Approximately one month after purchase, the truck broke down and the repair required an engine rebuild.

Plaintiff alleges that OTS falsely advertised that the truck had a rebuilt engine, and she would not have paid $38,000.00 for the truck if it did not have a rebuilt engine. Blackwell seeks $49,000.00 in damages from OTS for her cost for having the truck's engine rebuilt and injectors repaired.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Therefore, federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted).

Generally speaking, the Constitution and Congress have given federal courts authority over a case only when the case raises a federal question (28 U.S.C. § 1331) or when diversity of citizenship exists between the parties (28 U.S.C. § 1332). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

Plaintiff brings this action pursuant to Ohio Administrative Code 109:4-3-02 – "Exclusions and Limitations on Advertisements" – which describes deceptive trade practices in connection with consumer transaction for the sale of goods. Because she brings a state law claim and not a federal question, my subject matter jurisdiction over this action depends upon satisfaction of the requirements of 28 U.S.C. § 1332. Blackwell, as the party bringing this action in federal court, bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

Diversity jurisdiction (28 U.S.C. § 1332) is applicable to cases of sufficient value between citizens of different States. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Both diversity of citizenship and the jurisdictional amount must be satisfied to establish diversity jurisdiction.

To establish diversity of citizenship, Plaintiff must show that she is a citizen of one State and OTS is a citizen of another State. The citizenship of a natural person equates to her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Plaintiff lists her address of record as Richmond, Virginia which, in the spirit of liberal construction, I will construe as Blackwell's domicile. OTS is an LLC and limited liability companies, like all unincorporated entities, "have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 62009). In diversity cases, "the court needs to know the citizenship of each member of the company." *Id.* If even one member or sub-member of an LLC is non-diverse, "then complete diversity, and with it federal jurisdiction, would be destroyed." *Id.* There are no allegations in the Complaint regarding the citizenship of the members of OTS. Accordingly, Blackwell fails to allege the citizenship of OTS and to carry her burden of establishing diversity of citizenship necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The Complaint also fails to establish the jurisdictional amount necessary for diversity jurisdiction – an amount in controversy exceeding $75,000. "When determining whether the amount in controversy has been satisfied, we examine the complaint at the time it was filed." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). Plaintiff seeks damages in the amount of $44,000.00 to rebuild the truck's engine and $5,000.00 for the repair of the truck's injectors, for a total amount of $49,000.00. (Doc. 1). The amount Blackwell seeks in damages on the face of the Complaint is well-below the jurisdictional amount of $75,000 necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Even with the benefit of liberal construction, there are no allegations in the Complaint from which I may infer that Blackwell and OTS are citizens of different States, and that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff has alleged no other basis for federal subject matter jurisdiction, and none is apparent from the face of the Complaint. In the absence of a cognizable federal question or a claim over which to exercise diversity jurisdiction, I lack subject matter jurisdiction and must dismiss this action pursuant to Rule 12(h)(3). *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction.").

## CONCLUSION

For the reasons stated above, I dismiss this action pursuant to Fed. R. Civ. P. 12(h)(3). I grant Plaintiff's motion to proceed *in forma pauperis*.

Further, I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
